IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW MEXICO


CARLOS ARMENDARIZ

                **Petitioner,**

vs.                                                       NO. CIV-10-971 BB/WDS

**UNITED STATES OF AMERICA**

                **Respondent**


## MAGISTRATE JUDGE'S PROPOSED FINDINGS AND RECOMMENDED DISPOSITION

**THIS MATTER** comes before the Court on Petitioner Carlos Armendariz' ("Petitioner") Motion under 28 U.S.C. §2255 to Vacate, Set Aside, or Correct Sentence by a Person in Federal Custody ("Motion") filed on November 12, 2010, [Doc. No. 1][1], and the United States of America's ("Respondent") Response filed January 20, 2011. [Doc. No. 9]. Having reviewed the Motion, the Response, the record, and the law, this Court recommends that Petitioner's Motion be denied. Because the issues are resolved on the pleadings and the record establishes conclusively that Petitioner is not entitled to relief, an evidentiary hearing is not necessary. 28 U.S.C. §2255; *Trice v. Ward,* 196 F.3d 1151, 1159 (10th Cir. 1999), *cert. denied,* 531 U.S. 835 (2000).

## CLAIMS

Reading Petitioner's *pro se* Motion liberally, *see Price v. Philpot,* 420 F.3d 1158, 1162 (10th Cir. 2005), Petitioner raises two claims as grounds for federal habeas review: (1) ineffective assistance of counsel; and (2) conviction and sentencing violate Petitioner's sixth amendment right

---

[1] Citations to "[Doc. No. ___]" are to the number of the document on the district court's civil docket sheet in 10-CV-971 BB/WDS. Citations to "(Document ___)" are to the number of the document on the district court's criminal docket sheet in 95-CR-353 BB.

to counsel.

## FACTUAL AND PROCEDURAL BACKGROUND

On June 21, 1995, a federal grand jury returned a two-count indictment against Petitioner and co-defendants Richard Orosco, Edwina Coddington, Daniel Golay, and Gerardo Ochoa, charging the defendants with conspiracy in violation of 21 U.S.C. §846 and possession with intent to distribute 5 kilograms and more of cocaine, and aiding and abetting, in violation of 21 U.S.C. §841(a) and 18 U.S.C. §2. (Document 12). In January 1996, Orosco, Golay, and Coddington pled guilty to the indictment, and Ochoa was convicted at trial. [Doc. No. 9, p. 2]. Petitioner, however, remained a fugitive and was not arrested until January 30, 2008. (Document 292).

After a two-day trial, on May 20, 2008, the jury convicted Petitioner on both counts of the indictment. (Document 318). On November 20, 2008, the district court sentenced Petitioner to 324 months of imprisonment. (Document 334). The court entered its judgment on November 26, 2008, and Petitioner timely filed a notice of appeal on the same day. (Documents 335, 336).

On appeal Petitioner challenged the sufficiency of the evidence. *See United States v. Carlos Armendariz,* 349 F. App'x 323 (10th Cir. 2009). On October 16, 2009, the Tenth Circuit affirmed his conviction. *Id*. On October 13, 2010, Petitioner filed a motion pursuant to 28 U.S.C. §2255 to vacate, set aside or correct his sentence. (Document 376). On November 12, 2010, Petitioner filed an amended Motion under 28 U.S.C. §2255 to Vacate, Set Aside, or Correct Sentence by a Person in Federal Custody, which is the subject of these findings and recommended disposition. [Doc. No. 4].

## ANALYSIS

Claim One: Ineffective Assistance of Counsel

Regarding Petitioner's claim of ineffective assistance of counsel, Petitioner alleges only the

following:

> I feel I was not represented in a fair manner by my attorney. I feel the attorney had a cumulative impact on the case due to multiple deficiencies or errors during the pre-trial and plea-sentencing. He did advice (sic) me properly at the beginning of the process regarding pleing (sic) guilty or not guilty and what the outcome would be from each choice.[2] During most of my interviews with the Attorney Elias Lopez I feel I did not have the opportunity to ask questions or express my concerns regarding the case. Attorney was always rushing and most of the time his paralegal Lupe Hernandez did the talking.

[Doc. 4, p. 4]. In his second claim of a Sixth Amendment violation of his right to counsel, Petitioner alleges only the following, "I believe my counsel's performance was below an objective standard of reasonableness during the pretrial-plea-sentencing." [Doc. 4, p. 5].

The merits of an ineffectively counsel claim are governed by *Strickland v. Washington,* 466 U.S. 668 (1984). In *Strickland*, the Supreme Court devised a two-step inquiry to determine whether an attorney's performance deprived an accused of his Sixth Amendment right to assistance of counsel. In order to establish an ineffective assistance claim, the petitioner must show that counsel's performance was deficient, and that the deficient performance prejudiced his defense. *See Foster v. Ward,* 182 F.3d 1177, 1184 (10th Cir. 1999), *cert. denied,* 529 U.S. 1027 (2000). To establish deficient performance, Petitioner must show that his attorney made "errors so serious that counsel was not functioning as the 'counsel' guaranteed the defendant by the Sixth Amendment," *Williams v. Taylor,* 529 U.S. 362, 390 (2000) (*quoting Strickland v. Washington*, 466 U.S. at 687), and that his legal representation fell below an objective standard of reasonableness. *Strickland v. Washington,* 466 U.S. at 688. To establish prejudice, Petitioner must show that there is a reasonable

---

[2]This Court questions whether Petitioner meant to write that his attorney "*did not* advise him properly" and not that his attorney "*did* advise him properly." In either case, as discussed, *infra,* because of Petitioner's generalized allegations with no factual support, the outcome would remain the same.

probability that but for counsel's unprofessional errors, the result of the proceeding would have been different." *Id.* at 694.

This Court finds that Petitioner's allegations set forth, *supra*, are vague and conclusory, lacking in both facts and law. As such, the allegations are wholly insufficient to state a claim of ineffective assistance of counsel under 28 U.S.C. §2255. *See Hall v. Bellmon,* 935 F.2d 1106, 1110 (10th Cir. 1991) (conclusory allegations alone, without supporting factual averments, are insufficient to state a valid claim). Although this Court must liberally construe Petitioner's *pro se* motion, Petitioner is not relieved of the burden of alleging sufficient facts on which a recognized legal claim can be based. *Id.* Furthermore, this Court is "not required to fashion Defendant's arguments for him where his allegations are merely conclusory in nature and without supporting factual averments." *United States v. Fisher*, 38 F.3d 1144, 1147 (10th Cir. 1994).

Although Petitioner makes general allegations of ineffective assistance of counsel, he has completely failed to supply this Court with supporting law or facts, specific or otherwise, for these allegations. For example, Petitioner alleges that his counsel committed "multiple deficiencies or errors" but does not identify any deficiency or error. Petitioner alleges that he did not feel he had the opportunity to ask his lawyer questions, but does not identify what those questions would have been, what the answers should have been, and how those answers would have changed the proceedings. Nowhere does the Petitioner describe what else his attorney should have done to bring his performance up to an objective standard of reasonableness. Although Petitioner's allegations appear to focus on the pretrial performance of his attorney, the Court has reviewed the transcript of trial and found no substandard performance by Petitioner's attorney. Petitioner offers this Court nothing to meet his burden of showing that his counsel's performance was deficient and that the deficient performance prejudiced his defense. *See Strickland v. Washington,* 466 U.S. 668 (1984).

Accordingly, this Court recommends that Petitioner's claim of ineffective assistance of counsel be denied.

Claim Two: Conviction and Sentencing Violates Petitioner's Sixth Amendment Right to Counsel.

As discussed, *supra,* in Petitioner's second claim of a violation of his Sixth Amendment right to counsel, Petitioner's sole argument is: "I believe my counsel's performance was below an objective standard of reasonableness during the pretrial-plea-sentencing."[3] [Doc. 4, p. 5]. As discussed under Petitioner's claim of ineffective assistance of counsel, *supra*, this claim fails for lack of any factual or legal support for Petitioner's general allegation of a Sixth Amendment violation. Even coupled with the allegations Petitioner raises in his first claim, for all the reasons stated under this Court's analysis of Petitioner's first claim, this claim is insufficient to raise a constitutional violation. Accordingly, this Court recommends that Petitioner's Sixth Amendment claim be denied.

Petitioner raises another issue under his second claim. He states, "I would also like to question the absence of one of the jurors after they came back from break. The juror had to leave to put money in the parking meter and when he returned he was late. The judge did not allow him back in the juror panel and I am not sure if the juror was replaced with a new juror."

Petitioner failed to raise this issue in his direct appeal. *See United States v. Carlos Armendariz,* 349 F.App'x 323 (10th Cir. 2009). Additionally, Petitioner admits in his Motion that he did not raise this issue on appeal. [Doc. 4, p. 5]. A §2255 motion "is not available to test the legality of matters which should have been raised in direct appeal." *United States v. Allen*, 16 F.3d

---

[3]Although this Court recognizes that Petitioner's first claim for ineffective assistance of counsel and his second claim for violation of his sixth amendment right to counsel could be treated as one claim, because Petitioner has pled them as separate claims, this Court has addressed them separately.

377, 378 (10th Cir. 1994) (*citing United States v. Walling*, 982 F.2d 447, 448 (10th Cir. 1992). "A defendant who fails to present an issue on direct appeal is barred from raising the issue in a §2255 motion, unless he can show cause for his procedural default and actual prejudice resulting from the alleged errors, or can show that fundamental miscarriage of justice will occur if his claim is not addressed." *Id.*, *citing United States v. Cook,* 997 F.2d 1312, 1320 (10th Cir. 1993).

In explaining why he did not raise this issue on appeal, Petitioner states: "I was very nervous and scared of everything happening. I had never in my life been under any criminal procedures." [Doc. 4, p. 6]. This statement completely fails to assert cause for his default and actual prejudice resulting from the alleged error or how fundamental miscarriage of justice will occur if this Court does not address his claim. This Court notes that Petitioner was represented by an attorney for his appeal, in which other legal issues were raised.

Even assuming that procedural default does not apply, Petitioner's claim fails. It is not completely clear to this Court whether Petitioner questions whether he had fewer jury members to which he was entitled or whether he alleges that the Court's replacement of the absent juror with an alternate juror was error. Petitioner appears to question whether the district court actually replaced the absent juror with an alternative juror. The record reflects that the district court did so. (*See* Document 313, p.3). To the extent Petitioner might be alleging that the court erred when it replaced the absent juror, Federal Rule of Criminal Procedure 24 authorizes both the impanelment of alternate jurors and the replacement of jurors with alternates if an original juror is "unable to perform" or is "disqualified from performing their duties." Fed.R.Crim.P. 24(c)(1). In this case, a juror, prior to deliberations, failed to return after a break. (*See* Document 313, p. 3). The district court correctly replaced the absent juror with one of the alternates. *Id.* Accordingly, this Court recommends that Claim Two of Petitioner's Motion be denied.

## RECOMMENDED DISPOSITION

For the foregoing reasons, this Court recommends that Petitioner's Motion to Vacate, Set Aside, or Correct Sentence by a Person in Federal Custody be denied on the merits and dismissed with prejudice.

## NOTIFICATION

**THE PARTIES ARE FURTHER NOTIFIED THAT WITHIN FOURTEEN (14) DAYS OF SERVICE of a copy of these Proposed Findings and Recommended Disposition, they may file written objections with the Clerk of the District Court pursuant to 28 U.S.C. §636(b)(1). A party must file any objections with the Clerk of the District Court within the fourteen (14) day period if that party wants to have appellate review of the Proposed Findings and Recommended Disposition. If no objections are filed, no appellate review will be allowed.**

_____
**W. DANIEL SCHNEIDER**
**United States Magistrate Judge**